**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRIAN SHUTTS,**

          **Plaintiff,**

**-vs-**                                      **Case No. 6:08-cv-2191-Orl-31KRS**

**PRECISION ASSESSMENT**
**TECHNOLOGY CORPORATION**

          **Defendant.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Precision Assessment Technology Corporation, Motion to Dismiss or Stay pursuant to FED. R. CIV. P. 12(b)(3) and, alternatively, Motion to Transfer pursuant to 28 U.S.C. § 1404 (Doc. 19), Plaintiff's, Brian Shutts ("Plaintiff"), Response in opposition thereto (Doc. 23), and Plaintiff's Motion to Strike the Affidavit of Robert E. Nowack (the "Motion to Strike") (Doc. 26).

**I. Overview**

This diversity action arises out of the sale of two Florida companies by Plaintiff and four other shareholders[1] to Defendant, Precision Assessment Technology Corporation ("PATC"), a Canadian corporation. According to the Complaint, Plaintiff (along with four other shareholders) entered into, *inter alia*, a "Share Purchase Agreement" with PATC that provided for the sale of Trenchless Specialties, Inc. ("TSI") to PATC (Doc. 1, ¶ 7-8). Plaintiff asserts three claims for

---

[1]The four other shareholders are not a party to this case.

breach of contract arising out of PATC's alleged failure to perform under the Share Purchase Agreement (Counts I through III). Plaintiff also asserts a claim for fraud in the inducement based on alleged misrepresentations made by PATC's CEO concerning certain modifications to the Share Purchase Agreement subsequent to the sale of TSI to PATC (Count IV).

PATC has not filed an Answer. Instead, it purports to make a special appearance, "without submitting itself to the jurisdiction of this Court," for the limited purpose of filing its Motion to Dismiss or Stay And/Or Transfer (the "Motion") (Doc. 19 at 1). Because the Share Purchase Agreement is governed by Canadian law and contains a "non-exclusive jurisdiction" provision, PATC does not reside in Florida, PATC has sued Plaintiff in the Supreme Court of British Columbia alleging Plaintiff is in breach of the Share Purchase Agreement, and a substantial part of the events giving rise to the instant case did not occur in the Middle District of Florida, PATC contends that venue is improper in the Middle District of Florida. Accordingly, PATC urges the Court to dismiss the instant case pursuant to 28 U.S.C. § 1391 or, in the alternative, either transfer this case pursuant to 28 U.S.C. § 1404 to the Supreme Court of British Columbia or stay the case until the Canadian action in British Columbia is resolved. Notably, PATC does not invoke the Court's discretionary power to dismiss this case pursuant to the doctrine of *forum non conveniens*.

**II. Subject Matter and Personal Jurisdiction**

All four counts in the Complaint are predicated on Florida common law and Plaintiff clearly asserts damages that are in excess of $75,000.00. Plaintiff is a citizen of the State of Florida and PATC is a citizen or subject of a foreign state (i.e., Canada). Accordingly, Plaintiff asserts, and PATC does not dispute, that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

Although PATC has not explicitly moved the Court to dismiss this case for lack of personal jurisdiction, in its Motion PATC purports to make a special appearance, "without submitting itself to the jurisdiction of this Court" (Doc. 19 at 1).[2]

Pursuant to Rule 12, however,

(g)(2) *Limitations on Further Motions*. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12(b)] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion . . .

(h) Waiving and Preserving Certain Defenses.

(1) A party waives any defense listed in Rule 12(b)(2)-(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

FED. R. CIV. P. 12.

Based on the foregoing, the Court concludes that PATC has waived any defense it might have had concerning personal jurisdiction. The only defense explicitly raised in PATC Motion

---

[2]Similarly, the affidavit of PATC's Chairman and CEO, Robert Nowack, asserts that PATC is not "subject to jurisdiction as a nonresident under long arm [sic] jurisdiction" and that at this time, "PATC has only submitted to this Court's jurisdiction for the limited purpose of filing its motion to dismiss or stay and it has therefore challenged the Court's exercise of personal jurisdiction." (Doc. 25-2, ¶¶ 19 and 20). The propriety and timeliness of this affidavit, which Plaintiff has moved the Court to strike (Doc. 26), is addressed further, *infra*. Notwithstanding the legal arguments made by Mr. Nowack in his affidavit, which was filed with the Court approximately two weeks after PATC filed its Motion and three days after Plaintiff filed its Response in opposition thereto, PATC clearly did not raise any specific objection to personal jurisdiction in its Motion.

(Doc. 19) concerns an objection to improper venue pursuant to FED. R. CIV. P. 12(b)(3). Because PATC did not explicitly include any objection to personal jurisdiction or invoke FED. R. CIV. P. 12(b)(2) in its initial motion under Rule 12(b), PATC has waived any defense it might have had pursuant to Rule 12(b)(2).

In addition to waiver, the Court finds that PATC has clearly subjected itself to the personal jurisdiction of this Court by filing a counterclaim against Plaintiff in a separate action that was recently pending before this very Court. *See Shutts v. Precision Assessment Tech. Corp.*, No. 08-CV-1653 (M.D. Fla. 2008) (Doc. 6). PATC simply cannot assert counterclaims in this Court against the very same party to this case and then subsequently deny, without any change in circumstance, that this Court lacks personal jurisdiction over it in a subsequent case involving the same party. Accordingly, the Court has personal jurisdiction over PATC.

**III. Analysis**

**A. Motion to Dismiss for Improper Venue Pursuant to 28 U.S.C. § 1391**

Citing 28 U.S.C. § 1391, PATC contends that venue is improper in the Middle District of Florida. Specifically, PATC contends that it does not reside in this judicial district and that a substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in Florida (Doc. 19 at 9-10).

In an incredibly inept parsing of the statutory text, PATC fails to address 28 U.S.C. § 1391(a)(3), which specifically provides that an action founded solely on diversity of citizenship may be brought in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." Notwithstanding, then, the applicability of 28 U.S.C. § 1391(a)(1) or (2) and fact that

PATC bought an American company based in Orlando, Florida, because PATC was subject to personal jurisdiction in the Middle District of Florida at the time this action was commenced and PATC does not identify any other judicial district in which Plaintiff could have brought the instant action, venue is clearly proper in the Middle District of Florida. Accordingly, PATC's motion to dismiss for improper venue pursuant to 28 U.S.C. § 1391 will be denied.

      **B. Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404**

Relying on 28 U.S.C. § 1404, PATC urges the Court to transfer this matter to the Supreme Court of British Columbia (Doc. 19 at 11). Because PATC has filed suit against Plaintiff in the Supreme Court of British of Columbia, PATC contends that, "for the convenience of the parties," this action should be transferred and consolidated in the Supreme Court of British Columbia (Doc. 19 at 12).

Again, PATC misconstrues the plan text of the statute. 28 U.S.C. § 1404 specifically provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to *any other district or division* where it might have been brought" (emphasis added). In addition to its failure to identify any other judicial district or division in which Plaintiff could have brought the instant action, PATC fails to comprehend that "any other district or division" within 28 U.S.C. § 1404 clearly encompasses only districts or divisions of United States District Courts – not foreign courts. In short, 28 U.S.C. § 1404 provides no authority whatsoever for a United States District Court to transfer a case to a foreign court. *See*, *e.g.*, *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 717 (7th Cir. 2002). Accordingly, PATC's motion to transfer venue pursuant to 28 U.S.C. § 1404 will be denied.

### C. Motion to Stay

In addition to its motions to dismiss and to transfer, PATC urges the Court to stay the instant proceedings because on or about February 27, 2009 – nearly two months after Plaintiff filed the instant suit in the Middle District of Florida – PATC apparently served Plaintiff with the equivalent of a summons and complaint filed against Plaintiff in the Supreme Court of British Columbia (*see* Doc. 19-2). Other than simply attaching a copy of its "Statement of Claim" against Plaintiff in the Canadian action, however, PATC provides the Court with little or no argument in its Motion concerning the status or progress of the proceedings in British Columbia or, more importantly, why this Court should stay its case, which was filed first, in favor of the Canadian proceedings. *See*, *e.g.*, *Leviton Mfg. Co., Inc. v. Interline Brands, Inc.*, Case No. 05-CV-123, 2006 WL 2523137, at *2 (M.D. Fla. Aug. 30, 2006) ("Pursuant to the first filed rule, when similar cases are filed, while not mechanical, preference is given, either in the form of stays, transfers, or injunctions, to the suit file first in time") (citations omitted); *see also Eastman Kodak Co. v. Kavlin*, 978 F. Supp. 1078 (S.D. Fla. 1997) (extending, in part, first filed rule to foreign courts). In the absence of any specific or compelling reason for a stay, the Court will deny PATC's motion to stay.

### D. Plaintiff's Motion to Strike the Affidavit of PATC's Chairman and CEO

Plaintiff moves the Court to strike the affidavit of PATC's Chairman and CEO, Robert Nowack because, *inter alia*, PATC filed the affidavit directly in reply to Plaintiff's Response in opposition to PATC's Motion (Doc. 26). For all intents and purposes, then, because PATC failed to seek leave of Court before filing the affidavit, Plaintiff contends that the affidavit is nothing more than a reply filed in contravention Local Rule 3.01(c) (Doc. 26, ¶ 3). Furthermore, because

Plaintiff noted in its Response that PATC failed to provide any evidentiary support contesting Plaintiff's allegations of venue in its Motion, Plaintiff argues that its Response has been prejudiced by the affidavit.

Upon review, the Court agrees that the affidavit must be struck. As noted, *supra*, the affidavit of Robert Nowack was filed with the Court approximately two weeks after PATC filed its instant Motion and three days after Plaintiff filed its Response in opposition. Furthermore, the affidavit is replete with legal argument specifically directed to Plaintiff's arguments against a motion to dismiss for *forum non conveniens* – a doctrine that Plaintiff wisely anticipated could be applicable to the instant case but which PATC completely failed to raise in its Motion. Accordingly, Plaintiff's Motion to Strike will be granted.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** that Defendant's, Precision Assessment Technology Corporation, Motion to Dismiss or Stay pursuant to FED. R. CIV. P. 12(b)(3) and, alternatively, Motion to Transfer pursuant to 28 U.S.C. § 1404 (Doc. 19) is **DENIED** and Plaintiff's Motion to Strike the Affidavit of Robert E. Nowack (the "Motion to Strike") (Doc. 26) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 6, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE